UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST SHEET METAL
WORKERS ORGANIZATIONAL TRUST,
*et al.*,

                Plaintiffs,

    v.

COIL TECH INVESTMENTS, LLC,

                Defendant.

NO. C09-1375RSL

ORDER GRANTING SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on plaintiffs' "Motion for Order of Summary Judgment" (Dkt. #6), wherein plaintiffs move for an order of summary judgment awarding payment of unpaid contributions, liquidated damages, interest, reasonable attorney's fees, and costs pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132.

## II. DISCUSSION

**A. Procedural Background and Arguments**

Plaintiffs filed their motion with supporting declarations on December 9, 2009 and properly noted the motion under Local Rule 7(d)(3) for January 1, 2010, the fourth Friday after filing. Under the same Local Rule, defendant's response was due Monday, December 28, 2009. Defendant, however, did not file a response until December 30, 2009 (Dkt. #14). In that nominal response and accompanying declaration (Dkt. #15), defendant concedes that it is liable to plaintiffs for contributions due to employee benefit funds under ERISA, but claims that the amounts requested by plaintiffs are not accurate. In the response, counsel for defendant explains that defendant has been having "cash flow problems," but "it has recently been in a position where it is now able to catch up and pay off the obligations it owes for contributions to Northwest Sheet Metal, and a full settlement proposal has been put together." Dkt. #14 at 2. Counsel then explains:

> As of the dictation of this response (Christmas Eve, 2009), I have not confirmed with [plaintiffs' counsel] that in fact his client has accepted the proposal, but the proposal would pay off all the principal amounts owing, plus interest and attorney fees and costs. I anticipate that [plaintiffs' counsel] will likely get back to me during this week of December 28th through January 1, but our office traditionally (for the last 12 to 15 years) has been closed during that break between Christmas and New Year and, therefore, I have dictated this with instructions for e-filing it with the court by my legal assistant, [name excluded], which I anticipate she will be doing either on the 30th or 31th of December, or perhaps a day or two earlier.

Id. He then requests that the Court note that his client has not answered plaintiffs' discovery requests, first presented to his client in October 2009, due to "differences in the communication between my client and my associate, [name excluded], as well as my legal assistant . . . ." Id.

In the accompanying declaration, which bears a signature date of "December 30, 2010" (which the Court assumes is meant to read 2009), counsel explains that sometime after being served plaintiffs' motion on December 9, 2009, he forwarded it to his client. At some unspecified point between December 9 and December 24, his client disputed the amount alleged

ORDER GRANTING SUMMARY
JUDGMENT - 2

due in plaintiffs' motion and sent counsel a counter-proposal to "to pay off the total amount that [defendant] determined was due and owing." Dkt. #15 at 2. Counsel e-mailed plaintiffs' counsel with that proposal on the afternoon of Thursday, December 24, 2009, and asked that the summary judgment motion be voluntarily continued for "about one month." Id. at 5. Apparently counsel also dictated his nominal response that same day or evening (though both the response and declaration were signed December 30) and left instructions with his legal assistant to file it if he did not hear back that the offer was accepted. Plaintiffs' counsel responded by e-mail the morning of December 29, declining to continue the motion and requesting a formal offer to present to his client. See id.

In the December 30 declaration, counsel moves for "at least" a two-week continuance in order to obtain a declaration as to the proper calculation of the contributions owing from defendant. Id. at 2. He explains that after he received plaintiffs' response on December 29, he contacted his client to arrange for a declaration regarding the calculations, but the person qualified to prepare the declaration was out for the week between "Christmas and New Year's Day." Id. Counsel does not note, however, that defendant's response and any supporting declarations were due the day before he thought to solicit any such declaration, on December 28, 2009, or why he did not solicit the declaration before that time.

In response to defendant's impromptu motion for continuance in its counsel's declaration, Plaintiffs write:

> Defendant fails to tell the Court, however, that beginning November 17, 2009 and continuing through December 9, 2009, plaintiffs provided defendant with detailed breakdowns of the amounts they claimed were due and the opportunity to contest or agree with those calculations. It was only after defendant failed to respond to two deadlines that plaintiffs filed their motion for summary judgment.

Dkt. #16 at 2. Later, in the same vein, plaintiffs add:

ORDER GRANTING SUMMARY
JUDGMENT - 3

. . . defendant does not explain why it took from December 9, 2009, when it received plaintiffs' moving papers with the same calculation as provided earlier, until December 24, 2009 for it to learn that it disagreed with the calculations.

Id. at 2-3.

**B. Analysis**

The Court is also curious as to why defendant and its counsel dragged their feet in responding to plaintiffs' motion. Defendant's counsel admits he was served with the motion on December 9, 2009, but he apparently made no effort to substantively respond to it until <u>after</u> his response was due, and even then, defendant's late, nominal response does not substantively respond to the calculations in plaintiffs' motion. Apparently, defendant did not prepare a response to plaintiffs' motion because it thought a last-minute offer of settlement would appease plaintiffs. This was obviously a miscalculation.

The moving party in a summary judgment motion is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

Defendant now moves for a continuance pursuant to Fed.R.Civ.P. 56(f), which provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"To prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1129 (9th Cir. 2004)

(quoting VISA Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986)). "The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past, or if the movant fails to show how the information sought would preclude summary judgment." Cal. Union Ins. Co. v. Am. Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir.1990) (citations omitted). Pursuant to Local Rule CR 7(b)(4), failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the Court to be an admission that opposition is without merit.

The record here shows that there is no dispute as to liability, only some disagreement about numbers. Defendant's late-submitted declaration indicates that the defendant's lawyer believes there is a discrepancy of approximately $4,000 between plaintiffs' and defendant's figures. See Dkt. #15 at 1-2. Defendant, however, has had more than sufficient time—likely as far back as November 2009, and at least since receipt of plaintiffs' summary judgment motion on December 9, 2009—to address and gather evidence to dispute plaintiffs' calculations. Defendant chose instead to sit on its hands until Christmas Eve to make a settlement offer by e-mail and then move for a continuance in a declaration attached to its nominal response submitted two days past the date dictated by the Local Rules.

The Court finds no merit in defendant's explanations for its tardiness in submitting its response and further finds that defendant has failed to diligently pursue and develop the evidence necessary to justify its opposition to the facts presented in plaintiffs' motion.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion for summary judgment and DENIES defendant's motion for a continuance.

IT IS HEREBY ORDERED that judgment by shall be entered in favor of plaintiffs against defendants COIL TECH INVESTMENTS, LLC as follows:

1. Fifty-four Thousand, Seven Hundred, Sixty and 96/100 Dollars ($54,760.96) in employee benefit contributions due for the months of June through October 2009, inclusive, with interest pursuant to 28 U.S.C. § 1961 until paid;

2. Seven Thousand, Nine Hundred, Forty-nine and 19/100 Dollars ($7,949.19) in liquidated damages for months of June through October 2009, inclusive, with interest pursuant to 28 U.S.C. § 1961 until paid;

3. One Thousand, One Hundred, Forty-three and 24/100 Dollars ($1,143.24) in pre-judgment interest through January 28, 2010 on June through October 2009, inclusive, with interest pursuant to 28 U.S.C. § 1961 until paid;

4. Four Hundred, Forty-five and 00/100 Dollars ($445.00) in costs, with with interest pursuant to 28 U.S.C. § 1961 until paid; and

5. One Thousand, One Hundred, Twenty-one and 50/100 Dollars ($1,121.50) in attorneys' fees, with interest pursuant to 28 U.S.C. § 1961 until paid.

DATED this 28th day of January, 2010.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING SUMMARY
JUDGMENT - 6